MARK L. BLOCK (SBN 115457)
mblock@wargofrench.com
KRISTAPOR VARTANIAN (SBN 275378)
kvartanian@wargofrench.com
WARGO & FRENCH LLP
515 S. Flower Street, 36th Floor
Los Angeles, California 90071
Telephone: (310) 853-6300
Facsimile: (310) 553-5317

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.;
CHASE HOME FINANCE, LLC;
WELLS FARGO BANK, N.A., not in its individual
Capacity but solely as Trustee for the RMAC REMIC TRUST;
RMAC REMIC TRUST, SERIES 2010-3; AND
ROOSEVELT MORTGAGE ACQUISITION COMPANY
REMIC TRUST SERIES 2010-3

FILED
SEP - 2 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

UNITED STATES DISTRICT BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

In Re: ROBERT D. FERNANDEZ

ROBERT D. FERNANDEZ
Plaintiff,

v.

WELLS FARGO BANK, N.A., not in its individual capacity but solely as Trustee for the RMAC REMIC TRUST, SERIES 2010-3; RMAC REMIC TRUST, SERIES 2010-3; ROOSEVELT MORTGAGE ACQUISITION COMPANY REMIC TRUST SERIES 2010-3; JP MORGAN CHASE N.A.,; CHASE HOME FINANCE, LLC; NORTHWEST TRUSTEE SERVICES, INC; RUSHMORE LOAN MANAGEMENT SERVICES LLC; All persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; And DOES 1 THROUGH 10, inclusive,
Defendants.

Bankruptcy Case No. 8:11-BK-19184-TA

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

Adversary Case No. 8:11-ap-01330-TA

Hon. Theodore C. Albert

Chapter 13

Date: January 19, 2012
Time: 11:00 a.m.
Ctrm.: 5B

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 19, 2012, at 11:00 a.m., in Department 5B of the United States District Bankruptcy Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701-4593 Defendants JP Morgan Chase Bank, N.A., Chase Home Finance, LLC,[1] Wells Fargo Bank, N.A. solely as a Trustee for the RMAC REMIC TRUST, RMAC REMIC TRUST, SERIES 2010-3, and Roosevelt Mortgage Acquisition Company REMIC TRUST SERIES 2010-3 (collectively "Defendants") will move the Court for an Order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable in this case by Federal Rule of Bankruptcy Procedure Rule 7012(b), for failure to state a claim upon which relief can be granted, on the grounds that Plaintiff has failed to plead the essential facts necessary to assert his claims and/or the claims are barred on their face.

This Motion is based upon this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities, the Request for Judicial Notice and Declaration of Kristapor Vartanian filed concurrently herewith, the complete files and records in this action, and upon such other matters as the Court may allow.

DATED: September 2, 2011

WARGO & FRENCH LLP

By: [signature]
Mark L. Block
Kristapor Vartanian

Attorneys for Defendants
JPMorgan Chase Bank, N.A.;
Chase Home Finance, LLC; Wells Fargo Bank, N.A., solely as Trustee for the RMAC REMIC TRUST, SERIES 2010-3; RMAC REMIC TRUST, SERIES 2010-3; and Roosevelt Mortgage Acquisition Company REMIC TRUST SERIES 2010-3

[1] JPMorgan Chase Bank, National Association, as successor by merger to Chase Home Finance LLC is erroneously sued as "Chase Home Finance, LLC."

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 2

III. LEGAL ANALYSIS ..... 4

A. Plaintiff's Complaint Fails Because the Instant Adversary Proceeding is Improper ..... 4

B. Plaintiff's Complaint Fails To Meet The Requisite Pleading Standards And Must Be Dismissed ..... 4

1. Plaintiff Fails to Satisfy the Rule 8 Pleading Standard ..... 4

2. Plaintiff Fails to Satisfy the Rule 9(b) Pleading Standard ..... 5

C. Plaintiff's TILA and Fraud Claims are Time-Barred by the Statute of Limitations and Must be Dismissed As a Matter of Law ..... 6

D. Plaintiff Fails to State a Claim for Declaratory Relief and Quiet Title ..... 7

1. Plaintiff Lacks Standing to Challenge the Validity of the Assignment ..... 7

2. Chase's Deed of Trust Effectuates a Valid Lien on the Property ..... 7

3. Plaintiff Has Failed to Properly Allege Tender ..... 8

IV. CONCLUSION ..... 9

## TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Alda v. Wells Fargo Bank, N.A.*, No. CIV S-11-925 MCE DAD (TEMP), 2011 WL 2678886, at *3 (E.D. Cal. July 7, 2011) ..... 7

*Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ..... 8

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ..... 4, 5

*Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Ca. 2010) ..... 5

*Hall v. Dept. of Adoptions*, 47 Cal. App. 3d 898, 904 (1975) ..... 6

*In re Fernandez*, No. 8:11-bk-19184-TA, Doc. No. 14 (Bankr. C.D. Cal. June 29, 2011) ..... 1, 4

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) ..... 6

*Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ..... 8

*Lazar v. Super Ct.*, 12 Cal. 4th 631, 638 (1996) ..... 6

*Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 Fed. App'x 97, 102 (6th Cir. 2010) ..... 7

*Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 743 (E.D. Mich. 2010) ..... 7

*Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ..... 6

*Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944, 954 (9th Cir. 2002) ..... 6

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004) ..... 6

*Trapp v. Chase Home Finance, LLC*, No. 5:09-cv-01178-DEW-PJW, 2010 WL 4703864, at *3 (C.D. Cal. Nov. 12, 2010) ..... 8

*Twombly*, 550 U.S. at 555 ..... 5

*Watson v. MTC Fin., Inc.*, No. Civ. 2:09-01012 JAM KJM, 2009 WL 2151782 (E.D. Cal. July 17, 2009) ..... 8

**Statutes**

11 U.S.C. § 109(g) ........ 1, 4

11 U.S.C. § 545 ........ 2

5 U.S.C. § 1640(e) and (f) ........ 6

**Rules**

Federal Rule of Bankruptcy Procedure Rule 7012(b) ........ 1

Federal Rule of Civil Procedure 12(b)(6) ........ 1, 5

Rule 9(b) ........ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's illogical Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable in this case by Federal Rule of Bankruptcy Procedure Rule 7012(b).[2] As a threshold matter, Plaintiff's adversary Complaint is improper because his bankruptcy petition is not properly before the Court. Plaintiff filed a petition for relief pursuant to Chapter 13 on May 27, 2011. The action was dismissed for failure to file schedules, statements and/or a plan of reorganization. Plaintiff re-filed his petition on June 29, 2011, commencing the instant adversary proceeding. Due to the 180-day bar against re-filing pursuant to 11 U.S.C. § 109(g), the bankruptcy petition should be dismissed, causing the instant adversary proceeding to be moot. The Confirmation Hearing will be held on September 21, 2011, and in the event the Debtor's Plan is not confirmed at that hearing, the Court will consider the Chapter 13 Trustee's motion to dismiss this case. *See In re Fernandez*, No. 8:11-bk-19184-TA, Doc. No. 14 (Bankr. C.D. Cal. June 29, 2011).

On May 3, 2007, Plaintiff entered into a mortgage loan transaction ("Loan") with JP Morgan Chase Bank, N.A. ("Chase"). In connection with this loan, Plaintiff executed a promissory note ("Note") and security deed ("Deed") in favor of Chase, secured by the subject property. The Deed was subsequently assigned to Wells Fargo Bank, N.A., not in its individual capacity, but solely as Trustee for RMAC REMIC Trust, Series 2010-3 ("Wells Fargo as Trustee"). Following Plaintiff's default on the Note, the Trustee issued a Notice of Default.

Plaintiff does not deny that the Deed was valid at the time it was made. Rather, he alleges that he may rescind or invalidate the lien effectuated by the Deed because Chase purportedly concealed material facts related to the loan, specifically: (1) Plaintiff was not informed that Chase was not the source of the loan, since the mortgage was securitized or transferred into a mortgage pool; and (2) the HUD-1 and Fixed/Adjustable Rate Rider provided to Plaintiff on May 3, 2007, contained an inaccurate loan number. Plaintiff further claims that he may rescind or invalidate the lien due to Truth in Lending Act ("TILA") violations, specifically because the Notices of Right to

[2] Defendants assert that this proceeding is a non-core proceeding and do not consent to entry of final orders or judgments by the bankruptcy judge.

Cancel, dated May 3, 2007, supposedly did not provide the deadline date for the 3 day period he had to rescind the transaction. Plaintiff also alleges that the assignment to Wells Fargo as Trustee (for RMAC REMIC Trust) was invalid because RMAC REMIC Trust was not in existence at the time the Note was transferred.[3]

However, as a matter of law, Plaintiff cannot invalidate or rescind the valid Chase lien by virtue of these allegations. Plaintiff's allegations regarding fraud fail independently for three reasons: (1) they are time-barred by the relevant three year statute of limitations; (2) they lack the specificity dictated by Rule 9(b); and (3) the lender-borrower relationship is an arm's length transaction which does not create a fiduciary relationship with a special duty to disclose the allegations above. Further, Plaintiff admits receiving the loan documents, and although Plaintiff alleges the documents had incorrect loan numbers, this does not constitute a material non-disclosure. Also, the Deed, which was signed by Plaintiff, allowed Chase to sell or transfer its rights to the Note without notice to Plaintiff; hence Chase was within its right to securitize or transfer the loan.

Plaintiff's allegations related to TILA violations are also time-barred by the relevant three year statute of limitations. Further, Plaintiff has no standing to allege improper assignment to Wells Fargo as a Trustee because Plaintiff is not a party to the assignment. Even if he did have standing, an improper assignment does not invalidate a proper underlying Deed. Moreover, Plaintiff does not allege that he tendered, or has any ability to tender, the amount of the secured debt; therefore, his quiet title claim must effectively fail.

Accordingly, because Plaintiff has failed to assert any cognizable claim for relief, his Complaint should be dismissed with prejudice in its entirety pursuant to Rule 12(b)(6).

## II. STATEMENT OF FACTS

On May 3, 2007, Plaintiff entered into a mortgage loan transaction with Chase. (Request for Judicial Notice filed concurrently herewith ("RJN"), Ex. A.; Compl. ¶ 22.) In connection with this loan, Plaintiff executed a Note and Deed in favor of Chase, secured by residential real property

[3] Notably, Plaintiff did not file this action pursuant to 11 U.S.C. § 545 to avoid Chase's lien and the Debtor has no basis to do so under applicable bankruptcy law.

located at 26781 Bridlewood Drive, Laguna Hills, California 92653 (the "Property"). (RJN, Ex. A.; Compl. ¶ 22-26.)

On June 19, 2007, Chase executed a Corporation Assignment of Deed of Trust, assigning all beneficial interest under the Deed to Chase Home Finance, LLC. (RJN Ex. B; Compl. ¶ 38, Ex. 5.) On that same day, Chase Home Finance, LLC executed a Corporation Assignment of Deed of Trust, assigning all beneficial interest under the Deed to Wells Fargo Bank, N.A., not in its individual capacity, but solely as Trustee for RMAC REMIC Trust, Series 2010-3. (RJN C; Compl. ¶ 39, Ex. 6.) Following Plaintiff's default on the Note, the Trustee issued a Notice of Default and a Notice of Trustee's Sale, recorded on October 4, 2010 and April 1, 2011, respectively. (RJN, Exs. D-E.)

Plaintiff's Complaint alleges that: (1) Chase did not disclose that it was not the source of the Loan since Chase securitized or transferred Plaintiff's mortgage into a mortgage pool; (Compl. ¶¶ 32, 36-37, 74, 82, 96-97, 101); (2) the HUD-1 and Fixed/Adjustable Rate Rider provided to Plaintiff contained an inaccurate loan number; (Compl. ¶¶ 28-29); (3) the Notices of Right to Cancel documents provided by Chase did not provide the deadline date for the period Plaintiff had to rescind the transaction; (Compl. ¶ 30); and (4) the assignment to Wells Fargo as Trustee was invalid because RMAC REMIC Trust, Series 2010-3 was supposedly not in existence at the time the Note was transferred (Compl. ¶¶ 40, 42, 48).

Based on these alleged facts, Plaintiff attempts to rescind or invalidate the lien effectuated by the Deed by pleading: (1) declaratory relief to determine the validity of the lien evidenced by the Deed of Trust (First and Second Claims for Relief); (2) violations of the Truth in Lending Act ("TILA") (Third Claim for Relief); and (3) quiet title (Fourth Claim for Relief). As set forth below, Plaintiff's Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6) because Plaintiff has failed to state any claim upon which relief may be granted. Indeed, all of Plaintiff's "claims" are subject to dismissal with prejudice.

## III. LEGAL ANALYSIS

### A. Plaintiff's Complaint Fails Because the Instant Adversary Proceeding is Improper

On May 27, 2011, Plaintiff filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code. *See In re Fernandez*, No. 8:11-bk-17608-TA (Bankr. C.D. Cal. May 27, 2011). On June 15, 2011, that case was dismissed for failure to file schedules, statements and/or the plan. *See id.* at Doc. No. 8.

On June 29, 2011, the Plaintiff re-filed his petition for relief, *see In re Fernandez*, No. 8:11-bk-19184-TA (Bankr. C.D. Cal. June 29, 2011), and commenced the instant adversary proceeding. Due to the 180-day bar against re-filing under 11 U.S.C. §109(g), the bankruptcy petition should be dismissed, causing the underlying instant adversary proceeding to be moot. The Confirmation Hearing will be held on September 21, 2011, and the Chapter 13 Trustee has filed a Notice That Trustee May Make an Oral Motion to Dismiss or Convert this Case for Cause ("Notice") in the event the Debtor's Plan is not confirmed at that hearing. *See In re Fernandez*, No. 8:11-bk-19184-TA, at Doc. No. 14. The motion to dismiss to be considered by the Court is regarding the 180-day bar against re-filing under § 109(g). *Id.* at Doc. No. 14.

### B. Plaintiff's Complaint Fails To Meet The Requisite Pleading Standards And Must Be Dismissed

#### *1. Plaintiff Fails to Satisfy the Rule 8 Pleading Standard*

As the United States Supreme Court recently held, for a complaint to survive a motion to dismiss pursuant to Rule 12(b)(6):

> ***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice***. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, ***we "are not bound to accept as true a legal conclusion couched as a factual allegation***.") Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added; citations omitted). While the Federal Rules adopt a flexible pleading policy, every complaint must "give the defendant fair notice of what the ... claim is and

the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The Supreme Court has stated that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3.

Further, while the Court must construe the pleadings in the light most favorable to Plaintiff, "legal conclusions need not be taken as true merely because they are cast in the form of factual allegations." *Id.* at 555. Moreover, even where a complaint contains some factual allegations, it may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) where the factual allegations are not enough to "raise a right to relief above the speculative level." *Id.* A claim may proceed only where a plaintiff pleads "*factual content* [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (emphasis added). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Here, Plaintiff's Complaint relies primarily on irrelevant facts, digressions, red herrings, wholly conclusory allegations and conclusions of law, none of which remotely support Plaintiff's claims. The Complaint merely attempts to condemn the loan securitization process and makes nonsensical conclusory allegations that the lien provided by the Deed of Trust is now null and void. This is insufficient. Plaintiff's "naked assertion devoid of further factual enhancement" is insufficient to state a claim for relief. *Iqbal,* 129 S. Ct. at 1949. Therefore, Plaintiff's claims must be dismissed for failure to meet the pleading requirements of Rule 8(a).

Even *pro se* plaintiffs are bound by the Federal Rules of Civil Procedure. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Ca. 2010) (holding *pro se* litigant must comply with "both the local and the Federal Rules [of Civil Procedure], both in terms of pleading requirements and filing deadlines"). Accordingly, Defendants request that Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(6) for failure to state any claim upon which relief may be granted.

*2. Plaintiff Fails to Satisfy the Rule 9(b) Pleading Standard*

To the extent Plaintiff attempts to allege fraud or misrepresentation, these claims also fail to meet the pleading requirements of Rule 9(b). To state a claim for fraud, a plaintiff must allege: (1)

misrepresentation of a material fact; (2) knowledge of falsity (or "scienter"); (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damages. *Lazar v. Super Ct.*, 12 Cal. 4th 631, 638 (1996). Rule 9(b) requires that fraud be pled with particularity. Fed. R. Civ. P. 9(b). To satisfy the pleading requirements of particularity, a complaint must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in the scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). The burden imposed by Rule 9(b) is substantial, as every element must be alleged factually and specifically. *Hall v. Dept. of Adoptions*, 47 Cal. App. 3d 898, 904 (1975). The particularity requirement mandates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004).

Here, Plaintiff completely fails to satisfy the Rule 9(b) pleading requirements. Plaintiff does not plead specifically the names of persons who purportedly made any fraudulent representations and their authority to speak. There are no alleged facts that Defendants had any actual knowledge or scienter, or an intent to defraud. Nor has the Plaintiff provided any facts for justifiable reliance or damages. Moreover, to the extent Plaintiff claims fraudulent omissions (Compl. ¶¶ 32, 36-37, 96), such claims immediately fail. It is well settled that the lender-borrower relationship is an arm's length transaction, where there is no special duty to disclose. *See Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944, 954 (9th Cir. 2002).[4]

### C. Plaintiff's TILA and Fraud Claims are Time-Barred by the Statute of Limitations and Must be Dismissed As a Matter of Law

Under TILA, the right to rescission expires, <u>at most</u>, three years after the loan closing. 15 U.S.C. § 1635(f); *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Additionally, an action for damages under TILA is subject to a one year statute of limitations. 15 U.S.C. § 1640(e) and (f). These limitation periods run from the date of the loan execution. *Meyer*, 342 F.3d at 902. Plaintiff entered into the Loan with Chase on May 3, 2007. (RJN, Ex. A; Compl.

[4] The allegations regarding incorrect loan numbers on the HUD-1 and Fixed/Adjustable Rate Rider are not material non-disclosures. Plaintiff admits receiving these documents, *see* Compl. ¶¶ 28-29, and there is no allegation that Plaintiff did not understand that the documents related to his Loan.

¶¶ 22, 27.) Plaintiff's Complaint was filed on August 2, 2011, well more than three years after the loan closing. For that reason alone, Plaintiff is not entitled to relief under TILA.

Any alleged fraud claim is likewise time-barred by the applicable three year statute of limitations provided under California Code of Civil Procedure section 338(d). *See, e.g., Alda v. Wells Fargo Bank, N.A.*, No. CIV S-11-925 MCE DAD (TEMP), 2011 WL 2678886, at *3 (E.D. Cal. July 7, 2011).

**D. Plaintiff Fails to State a Claim for Declaratory Relief and Quiet Title**

*1. Plaintiff Lacks Standing to Challenge the Validity of the Assignment*

Plaintiff's Complaint alleges that the assignment from Chase Home Loan Finance, LLC to Wells Fargo as Trustee for RMAC REMIC Trust, Series 2010-3 is improper and invalid, because RMAC REMIC Trust, Series 2010-3 did not exist at the time the Note was transferred. (Compl. ¶¶ 41, 48.) However, Plaintiff does not have standing to challenge the assignment. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 Fed. App'x 97, 102 (6th Cir. 2010) ("A litigant who is not a party to an assignment lacks standing to challenge that assignment") (internal quotations and citations omitted). If the assignment was in fact irregular, which Defendants dispute, that would be an issue between the assignor (Chase Home Finance LLC) and the assignee (Wells Fargo as Trustee). *Id.*, 300 Fed. App'x at 103. Thus, Plaintiff is regarded as a stranger to the assignments and lacks any standing to challenge its validity.

Moreover, Plaintiff cannot rescind or void the lien effectuated by the Deed of Trust by alleging a subsequent improper assignment of the Deed. *See, e.g., Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 743 (E.D. Mich. 2010) ("Plaintiff cannot avoid its contractual obligations under the Loan Documents . . . by arguing that the assignments of those documents were invalid or ineffective"). Plaintiff "certainly has an interest in avoiding foreclosure [] [b]ut the validity of the assignments does not effect ***whether*** Borrower owes its obligations, but only to *whom.*" *Id.* at 735-36 (emphasis in original).

*2. Chase's Deed of Trust Effectuates a Valid Lien on the Property*

Plaintiff does not deny that the Loan with Chase is valid, nor does he deny that he is in default. He simply attempts to avoid, unjustly, his Loan obligation. Plaintiff blankly alleges that he

"holds an interest in the Property free and clear of any interest of defendants, in that the lien evidenced by the Deed of Trust has no value since it is wholly unsecured, and that accordingly, the Deed of Trust is now null and void, because of assignment to a non-existent party." (Compl. ¶¶ 52, 58.) It is unclear how the Plaintiff arrives at this absurd, unsupported conclusion. It is clear that the Deed of Trust, which Plaintiff admittedly signed, is secured by the Property. (*See* RJN, Ex. A.; Compl. ¶ 22.) Plaintiff's argument about improper assignments must be dismissed based on the reasoning found *infra* Part III(D)(1).

Furthermore, Plaintiff's add-on argument regarding securitization and pooling of the mortgage is without merit. Plaintiff has already agreed to, and signed Page 9 of the Deed of Trust, which explicitly states that the "Note . . . can be sold one or more times without prior notice to Borrower." (RJN, Ex. A ¶ 20.)[5] Further, district courts have consistently rejected the argument that Defendants "lose their interest in a loan when it is assigned to a trust pool." *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010).

Moreover, any attempt to quiet title or rescind the lien through alleged TILA violations and/or fraud claims must be dismissed as reasoned *infra* Part III(A)-(C).

*3. Plaintiff Has Failed to Properly Allege Tender*

When a foreclosure is pending or has taken place, Plaintiff cannot state a cognizable claim for quiet title without paying the debt owed on the property. *Watson v. MTC Fin., Inc.*, No. Civ. 2:09-01012 JAM KJM, 2009 WL 2151782 (E.D. Cal. July 17, 2009); *Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009). Plaintiff must allege that he can tender, or is able to tender, the debt secured by the property. *Trapp v. Chase Home Finance, LLC*, No. 5:09-cv-01178-DEW-PJW, 2010 WL 4703864, at *3 (C.D. Cal. Nov. 12, 2010) (internal citations and quotations omitted). Here, Plaintiff never alleges that he tendered any reinstatement amount or satisfied his obligations under the Loan, nor does he allege his ability or willingness to do so. In fact, Plaintiff makes no statements with regards to his debt, instead relying on absurd claims in an attempt to escape his loan obligation.

[5] Any claims regarding Chase's non-disclosure about securitizing or transfering Plaintiff's loan separately fails as seen in the fraud sections *supra* Part III(B)(1), n.2 & Part III(C).

**IV. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant the motion to dismiss in its entirety without leave to amend.

DATED: September 2, 2011

WARGO FRENCH LLP

By: ____________________
Mark L. Block
Kristapor Vartanian

Attorneys for Defendants
JPMorgan Chase Bank, N.A.;
Chase Home Finance, LLC; Wells Fargo Bank, N.A., solely as Trustee for the RMAC REMIC TRUST, SERIES 2010-3; RMAC REMIC TRUST, SERIES 2010-3; and Roosevelt Mortgage Acquisition Company REMIC TRUST SERIES 2010-3.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, 11th Floor, Los Angeles, California 90067.

On September 2, 2011, I served the foregoing document(s) described as NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on September 2, 2011, at Los Angeles, California.

Rose Marie Gabrielsen

**SERVICE LIST**

Robert D Fernandez
26781 Bridlewood Drive
Laguna Hills, CA 92653

Edward T Weber
Routh Crabtree Olsen PS
1241 E Dyer Road
Suite 250
Santa Ana, CA 92705

Chapter 13 Trustee
Amrane Cohen
770 The City Drive South
Suite #3300
Orange, CA 92868

U.S. Trustee
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593